# Commonwealth v. Willis, Appellant.

*Criminal law—Murder—Robbery—Confession—Evidence.*

1. A conviction of murder of the first degree will be sustained where the evidence shows that the deceased, an old and infirm man, had been robbed, that his death resulted from injuries inflicted at the time of the robbery, that the prisoner knew his habits, was near his room about the time of the robbery, that he subsequently pawned the watch taken from the deceased, and that the prisoner had confessed to three different persons at different times that he had entered the room of the deceased at night, had choked him, and caused him to fall from his couch to the floor, and had taken his money and his watch from his clothes.

2. A confession of murder made at the instance of the prisoner without solicitation by anyone, and after an express caution that it would be used at the trial, the meaning of which caution could not have been misunderstood, is properly admissible in evidence at the trial.

Argued Jan. 11, 1909.   Appeal, No. 323, Jan. T., 1908, by defendant, from judgment of O. & T. Luzerne Co., April T.; 1908, on verdict of guilty of murder of the first degree in case of Commonwealth v. Thomas Willis.   Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Indictment for murder.   Before LYNCH, P. J.   ·

The facts are stated in the opinion of the Supreme Court.

Verdict of guilty, upon which judgment and sentence was passed.

*Errors assigned* were various rulings on evidence and various instructions.

*Stanley Kuryloski,* with him *Miner B. Schnerr,* for appellant.

*Abram Salsburg,* District Attorney, for appellee.

PER CURIAM, March 1, 1909:

The appellant was convicted of murder committed in the perpetration of robbery.   That an old and infirm man had been robbed, that his death resulted from injuries inflicted at the time of the robbery, that the appellant knew his habits, was near his room at about the time of the robbery, and that he subsequently pawned the watch taken from the deceased was established beyond all doubt.   In addition to this it was shown by the commonwealth that the appellant had on three different occasions confessed to different persons that he had entered the room of the deceased at night, had choked him and caused him to fall from his couch to the floor, and had taken his money and his watch from his clothes.   These confessions were corroborated by the independent proof by other witnesses of facts admitted.   The case was submitted to the jury with exemplary care, and it should have ended with judgment on the verdict.

The fifth assignment relates to the admission in evidence of the third confession. It was made in the private office of the warden of the jail, in the presence of the district attorney and three officers. The meeting was not prearranged. The officers had brought the appellant to the jail and in the course of a general conversation, a reference was made by someone to a statement. The appellant said: "I would like to tell about it." The district attorney then said: "Tom, do you know what you are charged with?" to which he answered: "I certainly do." The district attorney asked: "You made a statement in Baltimore?" The appellant answered: "Yes, sir." The district attorney then said: "You know that whatever you say to us, we are going to use it in the trial of your case; you understand your rights; you don't have to talk at all if you don't want to." It is argued that the appellant may have understood that what he said would be used in his favor at the trial and that the confession was therefore inspired by hope. This argument is without force. The confession was made at the instance of the appellant without solicitation by anyone and after an express caution that it would be used at the trial, the meaning of which could not have been misunderstood. We find no merit in any of the assignments, and they are all overruled. The judgment is affirmed and the record is remitted to the court of oyer and terminer of Luzerne county in order that the judgment may be carried into execution.